# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEROY COLLINS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:08-CV-1328-T-30EAJ
Crim. Case No: 8:04-CR-321-T-30EAJ

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on July 10, 2008, Memorandum in support (CV Dkt. #2), the Government's Response thereto (CV Dkt. #7), and the Petitioner's Reply (CV Dkt. #8). Upon review, the Court determines that the petition must be denied because the Petitioner fails to meet the requirements of § 2255.

## BACKGROUND

Petitioner, LEROY COLLINS (hereinafter referred to as "Collins" or "Petitioner"), was charged by indictment with Count One, conspiracy to access a computer without authorization for private financial gain and in furtherance of extortion in violation of 18 U.S.C. § 1030(a)(2)(B) and knowingly and willfully making materially false statements to an FBI agent, in violation of 18 U.S.C. § 1001(a)(2), all in violation of 18 U.S.C. § 371; Counts Two and Four, intentionally accessing a computer without authorization and in excess

of authorization, to obtain information from a department or agency of the United States, for the purpose of private financial gain and in furtherance of criminal acts of extortion in violation of 18 U.S.C. § 1030(c)(2)(B)(I) and (ii) and 18 U.S.C. § 2; and Count Three, knowingly and willingly making false statements during an interview with a Special Agent of the FBI, in violation of 18 U.S.C. § 1001(a)(2) (CR Dkt. #6).

Represented by Attorney Ronald J. Kurpiers, II (hereinafter referred to as "Kurpiers" or "Counsel"), Petitioner entered a plea of not guilty. Petitioner proceeded to a jury trial and was found guilty of all the charges alleged in the indictment (CR Dkt. #146, 151). On July 21, 2006, Petitioner was sentenced to a term of 240 months imprisonment, to be followed by 36 months supervised release (CR Dkt. #163, 165). Petitioner filed a direct appeal and his conviction and sentence were affirmed. Subsequently, Petitioner timely filed the instant § 2255 motion asserting three grounds to support his motion for relief.

## **FACTS**[1]

Co-Defendant Charles Mayes (hereinafter referred to as "Mayes") was a Deputy Sheriff with the Hillsborough County Sheriff's Office. Petitioner and Mayes had an ongoing business relationship. Mayes had access to the National Crime Information Center (NCIC), a national computerized database which contains information to be used only by law enforcement officials and for law enforcement purposes. Mayes unlawfully accessed the NCIC database, as well as the Florida Crime Information Center (FCIC), to provide

---

[1] These facts are taken from the Presentence Investigation Report (PSR), to which the Petitioner had no objections at his sentencing (CR Dkt. #195).

information to Petitioner. Petitioner used this information to extort, make threats, and commit acts of violence against other people.

## **DISCUSSION**

In his § 2255 motion, Petitioner contends that he received ineffective assistance of counsel and raises three grounds in support of his request to set aside the sentence:

**Ground One**: Counsel failed to present any argument that would prove Petitioner's role was minor in the offense.

**Ground Two**: Counsel failed to present the court with an argument that it had the authority to depart based on age.

**Ground Three**: Counsel failed to advise Petitioner that he, not Counsel, had the final right in deciding whether he would testify.

To vacate a sentence for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner has the burden of proving that counsel's performance was below the objective standard of reasonable professional performance and that he was prejudiced as a result. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000).

## GROUND ONE - MINOR ROLE

Petitioner's first claim, that Counsel was ineffective in failing to present any argument that would prove Petitioner's role was minor in the offense, is without merit. A defendant seeking a mitigating role reduction must prove, by a preponderance of evidence, that he is entitled to it. See United States v. Rodriguez De Varon, 175 F.3d 930, 939 (11th Cir. 1999)(en banc). Thus, Petitioner bears the burden of proving that he is "substantially less culpable than the average participant." USSG § 3B1.2, comment. (N.3(A)).

Petitioner was not a minor participant, as evidenced by the facts of this case. Mayes used his position as a law enforcement official to access the NCIC to unlawfully obtain information for Petitioner. Petitioner used this information to extort, threaten, and commit, or procure others to commit, acts of violence. The actions taken by Mayes were completed under the direction, and for the benefit, of the Petitioner. Petitioner is a major participant in the violent acts committed in furtherance of the conspiracy. Petitioner fails to provide any credible argument to support the claim that he is less culpable than his co-defendant.

Additionally, Petitioner cannot demonstrate any resulting prejudice from Counsel's failure to request a downward adjustment for minor role. Pursuant to the United States Sentencing Guidelines (hereinafter referred to as "Guidelines"), Petitioner would have received a life sentence absent the 20 year aggregated statutory maximum applicable in this case. At sentencing, it was determined that Petitioner's total offense level was 46 and his criminal history category was II. Under the Guidelines, a score of 43 or more warrants a life sentence. A minor participant in an offense is awarded a two-level decrease. USSG § 3B1.2.

Since Petitioner was at 46, even with a minor role reduction, he would have a score of 44 which would still call for a life sentence. Thus, a role reduction would have had no effect on Petitioner's sentence.

Petitioner has failed to meet his burden of proving that counsel's performance was objectively unreasonable under prevailing professional norms. He also failed to prove that there is "a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. For the foregoing reasons, ground one must be denied.

## GROUND TWO - AGE

Petitioner's second claim, that his Counsel was ineffective in failing to present the court with an argument that it had the authority to depart based on age, is factually inaccurate and contradicted by the record. Counsel argued that Petitioner was an 80 year old man who had substantial medical issues, was in frail health, and had limited abilities (CR Dkt. #195 at 12). Counsel also specifically addressed Petitioner's health problems and stated that he was in substantially failed health (CR Dkt. #195 at 13). Furthermore, when the court proceeded to pronounce Petitioner's sentence, it indicated that the court had considered the Presentence Investigation Report (PSR), the advisory guidelines, and the factors in 18 U.S.C. § 3553, which would include age as one of the characteristics of the defendant.

Petitioner declined the opportunity to present any further information to the court during his sentencing and made no objections at the conclusion of his sentencing (CR Dkt. #195 at 29-30). Petitioner has failed to show any prejudice since his age, and health

condition, were clearly expressed to the court and he has not demonstrated that further argument in this regard would have reduced his sentence. For the foregoing reasons, ground two must be denied.

## GROUND THREE - RIGHT TO TESTIFY

Petitioner's final claim, that his Counsel was ineffective in failing to advise Petitioner that he had a final right in deciding whether he would testify, is contradicted by the record (CV Dkt. #196 at 87). Petitioner claims that he did not understand that he could override counsel's advice not to testify and that he, Petitioner, was under the impression that counsel would abandon him if he took the stand. But during trial on April 4, 2008, the court asked Petitioner if he was aware of his constitutional right to testify in the trial. Petitioner answered "yes, sir." The court then asked Petitioner if his choice not to testify was voluntary. Petitioner answered "yes, sir." Then the court asked if he had discussed it with his lawyer and if he, Petitioner, was satisfied with his lawyer's advice in that regard. Petitioner answered in the affirmative to both questions. Thus, Petitioner's claim is factually incorrect as he was aware of his constitutional right to testify and knowingly and willfully decided not to do so. For the foregoing reasons, ground three must be denied.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt. #210, in the underlying criminal case, case number 8:04-cr-321-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-1328.deny 2255.wpd